IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM ALLEN PACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | NO. _____ |
| NATIONAL UNION FIRE INSURANCE | ) | |
| COMPANY OF PITTSBURGH, PA, INC., | ) | |
| a motor carrier insurer and foreign | ) | |
| insurance company, | ) | |
| ROBBIE D. WOOD, INC., an | ) | |
| Alabama Corporation, | ) | |
| WILLIAM RAY OUTLAW, JR. | ) | |
| A/K/A "Billy Ray Outlaw," individually | ) | |
| and as an agent and employee of | ) | **JURY TRIAL DEMANDED** |
| ROBBIE D. WOOD, INC., and JOHN OR | ) | |
| JANE DOE DEFENDANTS, individuals or | ) | |
| entities (1-5), | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW plaintiff, William Allen Pace, and shows the Court as

follows:

## PARTIES, JURISDICTION & VENUE

1.

Plaintiff William Allen Pace is a Georgia resident and is domiciled in

Georgia.  All answers, pleadings, and discovery may be served on his counsel of

record.   Jurisdiction and venue are proper in this Court.

2.

Defendant National Union Fire Insurance Company of Pittsburgh, PA, Inc. (hereinafter "National Union"), is a motor carrier insurer, and it may be served with a copy of the Complaint and Summons by service on its registered agent as follows:  c/o Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.   Jurisdiction and venue are proper in this Court.

3.

Defendant National Union is a proper party to this case as provided by O.C.G.A. § 40-1-112(c) and § 46-7-12.

4.

Defendant Robbie D. Wood, Inc., is an Alabama corporation and a motor carrier for hire, and it may be served with a copy of the Complaint and Summons by service on its registered agent as follows: c/o Robbie D. Wood, Jr.,1051 Old Warrior River Road, Dolomite, Alabama 35061.  Jurisdiction and venue are proper in this Court.

5.

Defendant Robbie D. Wood, Inc. (hereinafter "Wood"), is a motor carrier for hire and its U.S.D.O.T. is 130504.

6.

Defendant William Ray Outlaw, Jr., a/k/a "Billy Ray Outlaw," individually and as an agent and employee of  Robbie D. Wood, Inc., may be served with a copy of the Complaint and Summons at his personal residence as follows: Rural Route 6, Box 87, Saint Matthews, South Carolina 29135-9806.  Jurisdiction and venue are proper in this Court.

7.

Plaintiff will move to add or substitute for the John Doe defendants any individuals, legal entities, or insurers that are shown to be proper parties to this action as discovery proceeds.  Jurisdiction and venue over these defendants will be proper in this Court.

8.

There is complete diversity among the parties to this lawsuit, the amount in controversy exceeds $75,000.00, and jurisdiction is proper pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

9.

At all times covered by the allegations in this complaint for damages, defendant Billy Ray Outlaw was acting within the course and scope of his employment as a professional truck driver hired by defendant Robbie D. Wood, Inc., as its agent and employee.

10.

Defendant Wood is a commercial motor carrier for hire, whose business speciality, target market, or focus is the hauling for hire of hazardous and toxic waste materials (solids, fluids, medical, industrial, nuclear, and toxic environmental materials) on the federal and state highways in interstate commerce throughout all lower 48 United States.

11.

Defendant Wood as a hazardous and toxic waste carrier for hire is required by the Federal Motor Carrier Safety Administration Regulations to carry specialized insurance to protect motorists and the public from the dangerous hazards and perils of transporting hazardous and toxic waste materials on the federal, state, county, and city roads and highways in the course and conduct of its business throughout Georgia and other states in interstate commerce.

12.

Defendant National Union agreed to insure defendant Wood and its drivers for Wood's toxic and hazardous material for hire activities and conduct as required and mandated of defendant Wood by the Federal Motor Carrier Safety Administration minimum insurance standards set forth and required by the Federal Motor Carrier Safety Administration in its Regulations for hazardous and toxic waste material carriers for hire on interstate highways.

13.

On December 28, 2010 between the hours of 4 p.m. E.S.T. and 5 p.m. E.S.T. defendant Wood and its driver, defendant Outlaw, were hauling toxic and hazardous waste materials for Clean Harbors Environmental Services, Inc.  Clean Harbors is one of the nation's largest motor carriers for hire and transporters of toxic and hazardous waste materials on the interstate and state highways as an authorized motor carrier.  Clean Harbors' USDOT number to haul and transport toxic and hazardous materials on state and federal highways is 180743.

14.

Defendant Outlaw was driving within the course and scope of his employment for Robbie D. Wood, Inc., driving a Kenworth tractor, Tractor No. 266, with Trailer No. 1554, at the time of the collision which occurred on federal

highway I-20 West, in Newton County, Covington, Georgia near Mile Marker 98.

15.

Outlaw had an "authorized" passenger, Michelle Wingard a/k/a Michelle Pound, who was not his wife or common law spouse in his tractor at the time of the collision with the express written permission of his employer defendant Wood, and it knew that this "authorized" passenger was traveling with its driver hauling hazardous and toxic waste with its permission on December 28, 2010 following the Christmas Holidays.

16.

Defendant Outlaw had marijuana in a Viagra bottle with his name on it in his possession in his commercial motor vehicle, and was under the influence and substantially impaired by marijuana and/or alcohol at the time of the collision on December 28, 2010 with plaintiff's vehicle.

17.

Defendants' conduct violated 49 C.F.R. § 392.4(a) at the time of this collision.

18.

Defendant Outlaw had consumed alcohol in the preceding four hours before the commencement of his operation of a commercial motor vehicle, and had in his

commercial motor vehicle and possession a bottle of Mogen & David Orange Jubilee Wine ("Mad Dog 20/20") in direct violation 49 C.F.R. § 392.5(a) at the time of this collision.

19.

Defendant Outlaw and his female passenger, Michelle Wingard, were substantially impaired by drugs and alcohol at the time of the collision in this case.

20.

On December 28, 2010 between the hours of 4 p.m. and 5 p.m., E.S.T., plaintiff Pace was operating his tractor as a leased driver for his employer, Atlantic Transport, on I-20 West, in Newton County, Georgia, near mile marker 98.

21.

As plaintiff Pace descended down the hill near the collision site, a Newton County Sheriff's Department employee was operating his blue lights and had traffic stopped in the right lane heading West, so that road construction crews could repair the roadway ahead.

22.

Pace slowed his vehicle to a complete stop as he saw the traffic and construction ahead of him, and placed his flashing caution lights on to alert approaching motorists to the rear of him of the slowed traffic ahead.

23.

Pace was at a complete stop on the roadway when defendants' vehicle rear ended him at more than 50 mph, without braking or slowing, knocking his fully loaded container trailer on its side, warping the trailer chassis, breaking the fifth wheel off of Pace's tractor, and knocking Pace's tractor more than 294 feet down the roadway from the point of impact.

24.

Fortunately neither the police officer in front of Pace, nor any of the construction workers or other motorists on the roadway, were killed in this violent collision.

25.

Defendant Outlaw's vehicle was traveling at such a high speed that the impact with Pace's fully loaded container trailer broke the pins off the chassis body, bent the frame of the I-beam rails on the chassis of Pace's vehicle, and caused thousands of dollars in damages to the contents of Pace's container trailer and his tractor, trailer, and chassis container were declared total losses from the violent impact.

26.

The collision completely crushed and deformed the tractor of the Kenworth that Outlaw was operating, severely injuring Outlaw and his passenger, who were life flighted from the scene.

27.

The impact bent the steel I-beams of defendants' tractor, causing the engine and EDR of the Kenworth to be bent and tucked under the steel I-beam and inaccessible to plaintiff's or defendants' experts for inspection or downloading of its electronic speed data.

28.

As a result of this collision Pace's tractor was destroyed, and he has lost more than $200,000 in gross income since the date of this collision.

29.

As a result of this collision, Pace has suffered multiple herniated discs in his spine, incurred more than $40,000 in medical bills, and has been unable to work since the date of this collision and is on pain medication to manage his constant pain.

30.

Plaintiff's general and special damages exceeding $250,000.00 are due solely to the negligent, reckless, wilful, wanton, and consciously indifferent conduct of the defendants at the time of the collision.

31.

Plaintiff has suffered and continues to suffer physical and mental pain, and his injuries and damages are due solely to the defendants' conduct.

32.

Plaintiff's injuries are permanent, he will continue to suffer physical and mental pain in the future, and he cannot work or labor due to constant pain for his injuries which require narcotic medications.

33.

Plaintiff was not negligent in any regard as it relates to this collision, and defendants' conduct is the 100 percent sole proximate cause of this collision.

34.

Eyewitnesses, including Newton County Sheriff's deputies, construction workers, and other motorists, describe defendant Outlaw "flying" past them without braking in the seconds before the collision with Pace's vehicle.

35.

Defendant Outlaw's conduct constitutes negligence and negligence per se, including violation of O.C.G.A. §§ 40-6-49, 40-6-180, 40-6-390, 40-6-393 and other statutory violations under Georgia law.

36.

Defendant Outlaw failed to pay attention to the vehicles on the road, traffic, and road conditions ahead of him, was distracted by his female passenger, and was under the influence of drugs and alcohol at the time of the collision.

37.

Defendant Outlaw failed to pay attention to the vehicle immediately in front of him, was following too close, and violated O.C.G.A. §§ 40-6-49 and his conduct constitutes negligence per se.

38.

Defendant Outlaw's operation of a commercial motor vehicle, while he was under the influence of marijuana and alcohol shows a species of reckless, wilful, wanton conduct, and conscious indifference to the consequences meriting the imposition of punitive damages without cap or limitation as provided by law.  *See O.C.G.A. §§ 51-12-5.1(f).*

39.

Defendants' conduct shows bad faith conduct in causing the subject collision, causing plaintiff unnecessary cost and expense, entitling plaintiff to the recovery of his attorneys' fees and costs as provided by O.C.G.A. § 13-6-11 and interpreting case law.

40.

Plaintiff demands judgment against the defendants for their conduct causing the subject collision and his general and special damages, in an amount not less than $2,500,000.00, to be determined by a jury at trial in its fair and enlightened conscience.

41.

Defendant National Union is obligated, pursuant to O.C.G.A. § § 46-7-12, 46-7-12.1, and 40-1-112(c) to pay plaintiff for any and all damages awarded against defendants Robbie D. Wood, Inc. and Billy Ray Outlaw, up to and through the full policy limits of liability insurance and indemnity coverage for the motor vehicle collision in question.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants and that he be granted the following relief:

1)    That defendants be served with this complaint and summons as provided by law;

2)    That plaintiff be granted judgment against the defendants for all claims plead in this Complaint, in an amount that the jury finds will fully and adequately compensate plaintiff for the compensatory damage claims, general and special, which have been sustained as a result of the defendants' negligent and other wrongful misconduct, in an amount not less than $2,500,000.00;

3)    That plaintiff recover his medical special damages to be proven at trial which are in excess of $41,000.00, and lost income from his business exceeding $200,000.00;

4)    That plaintiff recover his reasonable attorney's fees and costs as provided by O.C.G.A. § 13-6-11;

5)    That plaintiff recover punitive damages against the defendants without cap or limitation, to be determined at trial by a jury in its fair and enlightened conscience;

6)    That this Court grant such other equitable and further relief as it deems just and proper; and

7)      PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL

ISSUES, AND CLAIMS PLED IN THIS LAWSUIT AND ANY

AMENDMENTS THERETO.

                                        RESPECTFULLY SUBMITTED,


                          By:    */s Terry D. Jackson*
                                 TERRY D. JACKSON
                                 Georgia Bar No. 386033

TERRY D. JACKSON, P.C.
600 Edgewood Avenue
Atlanta, Georgia 30312
(404) 659-2400
(404) 659-2414 facsimile
terry@terryjacksonlaw.com